PIarris, J,,
delivered the opinion of the Court.
This is an action of trespass with force and arms, for • an assault and battery, brought by the defendant in error in the Circuit Court of Roane county. The declaration is in the usual form; to which the plaintiff in error pleaded — 1st, “Not guilty.” Upon which plea, issue was taken.
2d. He pleaded the statute of limitations of twelve months. To which there is replication, averring that he was guilty of the trespass and battery, *18 in the declaration mentioned, within twelve months, before the bringing of this suit, and concludes to the country.
3d. He pleaded accord and satisfaction.
The replication denies the averments of the plea and concludes to the country.
. 4. There is a special plea of a release of ,the cause of action, upon an averred legal and valid consideration.
To this plea also, there is replication, denying the allegations of the plea, and concludes to the country.
To these several replications there were no simili-ters put in, but the parties go to trial.
The jury found “ The issues joined for the plaintiff.” Upon which the Court rendered judgment. There was a motion for a new trial entered and overruled, and an appeal by the defendant to this Court. To reverse this judgment, two grounds have been relied on by the counsel for the plaintiff in error.
1st. That there were no “issues joined,” for the want of similiters.
And in the second place, the verdict is not responsive to the issues, or pleadings in the cause. There is nothing in the first objection. “ The want of a similiter will be aided after verdict.” Moseley vs. Mathews, Meigs R. 578-580; Smith vs. Eubanks, 9 Yerger, 20-24. In support of the second objection, that the verdict is not responsive to the issue, we are referred to the case of Kirkpatrick et. al. vs. S. W. Railroad Bank, 6 Hum., 45. That case does not support the proposition. That was an *19 action of debt on simple contract. The defendant pleaded “nil debit and payment.” The verdict of the jury was, “ The defendants' have not paid the debt in the declaration mentioned.” This was no response to the issue upon the plea of “nil debit,” — left that issue wholly undisposed of and undecided. The defendants might not have paid the debt because, from any thing that appears in the verdict, they may never have owed it. So the Court held in that case, and beyond all doubt correctly.
But in the same case the Court say, “We do not think a technical response is necessary, but if its sense or legal effect makes a response to the pleadings, the Court will sustain it and pronounce judgment upon it.” Boon vs. Planters’ Bank, 3 Hum. R. 84. “ But it has always been held, that when there are several issues, they must all be found by the jury before judgment can be pronounced,” Crutcher vs. Williams, 4 Hum. R. 345.
In the case before us, the jury did pass upon the whole case, and found all “ the issues joined for the plaintiff.” This verdict, though perhaps not technically responsive to the issues, yet in its “ sense and legal effect” it makes a response to the pleadings. There is no error in the judgment, and we affirm it.